IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRADY COUCH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-826-SLR |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| and JOSEPH R. BIDEN, III, | ) | |
| Attorney General of the State | ) | |
| of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

Brady Couch. Pro se petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

December ろ , 2009
Wilmington, Delaware

**ROBINSON**, District Judge

## I. INTRODUCTION

Currently before the court is Brady Couch's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I.1) For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 2001, petitioner was indicted on two counts of first degree robbery and one count of possession of a deadly weapon during the commission of a felony. Prior to his trial in July 2002, the State dismissed one of the two robbery charges in exchange for petitioner's waiver of his right to trial by jury. After a one-day bench trial, the Superior Court judge found petitioner guilty of the remaining charges. Petitioner was sentenced as a habitual offender to twenty years incarceration at Level V. Petitioner filed a notice of appeal, and the Delaware Supreme Court affirmed his convictions and sentence. *Couch v. State*, 823 A.2d 491 (Table), 2003 WL 21054789 (Del. May 7, 2003).

In May 2006, petitioner filed in the Delaware Superior Court a motion for post-conviction relief under Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). Petitioner alleged that counsel provided ineffective assistance, that expert testimony was improperly admitted during his bench trial, and that he involuntarily waived his right to a jury trial. *State v. Couch*, 2007 WL 987403 (Del. Super. Mar. 30, 2007). The Delaware Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision. *Id.*; *Couch v. State*, 945 A.2d 593 (Table), 2008 WL 390754 (Del. Feb. 14, 2008).

Petitioner's pending § 2254 application, dated October 3, 2008, asserts the following two claims: (1) the fingerprint testimony provided by the State's expert violated the "rules of evidence, federal precedent, due process, and effective assistance of counsel;" and (2) defense counsel provided ineffective assistance by not calling an expert witness to rebut the State's expert testimony. (D.I. 1) The State filed an answer, asserting three alternative reasons for denying the petition: (1) the application is time-barred; (2) the claim regarding the reliability of the fingerprint testimony is procedurally barred; and (3) the ineffective assistance of counsel claim does not warrant relief under § 2254(d)(1). (D.I. 9)

## III. ONE YEAR STATUTE OF LIMITATIONS[1]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and it prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] The court's conclusion that the instant application is time-barred obviates the need to discuss the State's alternative reason for denying the application.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated October 2008, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh v. Murphy, 521 U.S. 320, 336 (1997). Because he does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D), the one-year period of limitations in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review in the United States Supreme Court. See Kapral v. United States, 166 F.3d 565, 576 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed petitioner's conviction and sentence on May 7, 2003, and he did not seek certiorari review. Therefore, petitioner's conviction became final on August 5, 2003. Accordingly, to comply with the one-year limitations period, petitioner had to file his § 2254 application by August 5, 2004. See Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner did not file the instant application until October 3, 2008,[2] almost four

---

[2]Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998); Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing and, thus, of filing). Applying this rule to the instant case,

full years after the expiration of the limitations period. Thus, his habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. See Jones, 195 F.3d at 158. The court will discuss each doctrine in turn.

### A. Statutory tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. See Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000); Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). In this case, petitioner filed his Rule 61 motion in May 2006, approximately one and three-quarter years after the expiration of AEDPA's limitations period. Therefore, his Rule 61 motion has no statutory tolling effect.

### B. Equitable tolling

The court may also toll AEDPA's limitations period for equitable reasons if petitioner's case is "the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). The Third Circuit has identified three situations in which equitable tolling may be warranted:

    (1) where the defendant actively misled the plaintiff;
    (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or

---

the court adopts October 3, 2008 as the date of filing because that is the date on petitioner's application.

(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum. *Jones*, 195 F.3d at 159; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616 (3d Cir. 1998); *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). However, equitable tolling will only be available if petitioner demonstrates that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. *Miller*, 145 F.3d at 618-19; *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004).

To the extent petitioner's assertion of innocence is an attempt to trigger equitable tolling, it fails. Petitioner's unsupported and conclusory statement does not establish a viable claim of actual innocence and, therefore, it cannot constitute an extraordinary circumstance for equitable tolling purposes. *See Teagle v. DiGuglielmo*, 2009 WL 1941983, at *1 (3d Cir. Jun. 11, 2009). In addition, to the extent petitioner made a mistake or miscalculation regarding the one-year filing period, that mistake does not warrant equitably tolling the limitations period. *See Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). For these reasons, the court concludes that equitable tolling is not warranted. Accordingly, the court will dismiss petitioner's habeas application as untimely.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a

"substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack, 529 U.S. at 484.

The court has concluded that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.